

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday
Director, Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1465
Re: Whether certain persons who
have been designated by the Railroad
Commission as inspectors can use
passes issued by transportation
agencies without violating the anti-
pass statutes.

We have your letter of September 19, 1939, in which
you request our opinion with reference to the question whether
certain persons who have been appointed inspectors by an order
of the Railroad Commission are entitled to use passes issued
by transportation agencies without violating the provisions of
the anti-pass statutes of the State of Texas.

You enclose with your letter the order of the Railroad
Commission appointing eleven persons as "Inspectors". The order
shows that these persons were employed by the Railroad Commission
as Director of the Motor Transportation Division, Legal Examiners
in the Motor Transportation Division, Reporters in the Motor
Transportation Division, Cashier in the Motor Transportation
Division, and Insurance Expert in the Motor Transportation Divi-
sion, respectively. In the order, each of these persons is
named and the order provides that with reference to each of these
persons, "his duties as "Inspector" in said Division shall be
in addition to, or rather a part of, his duties" as employee or
officer in one of the other capacities named. The order further
contains the following paragraphs stating the duties which shall
be performed by the persons named as inspectors:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable James E. Kilday, Page 2

"Inspectors Kilday, Soule, Gray, Templeton, Ross, Milliken, Mahaffey & Avis will carefully check and inspect all buses, subject to the jurisdiction of the Commission, on which they may ride or in which they may come in contact, and will carefully check all trucks, subject to the jurisdiction of the Commission, in which they may come in contact, to see that they are operating in compliance with the Motor Bus Laws and the Motor Carrier Laws of the State of Texas and all Rules and Regulations of the Commission promulgated in pursuance thereof, making reports in that connection to the Director of said Division who will report thereon to the Commission; and each of said Inspectors shall perform any and all other inspection work for the said Division of the Commission, from time to time, as may be ordered or directed by the Commission or by the Director of said Division.

"Inspectors Ragsdale, Girnt and Guinn will visit and inspect all bus stations which operate in connection with buses which operate subject to the jurisdiction of the Commission to the extent that they may come in contact with such stations in the course of their work as Reporters, seeing to it that all rest rooms for ladies in such stations are in proper order as to sufficiency of facilities and as to cleanliness, making reports in that connection to the Director of said Division; and said Inspectors will, from time to time perform such other, further and additional inspection work in said Division as may be directed by the Commission or by said Director of the Division.

"Each of said Inspectors shall carry a certified copy of this Order as evidence of his or her authority to act as an Inspector for the Commission."

You further state in your letter that the appointments mentioned in this order were made long prior to the date of our recent opinion No. O-445, and that the said order merely clarifies and confirms the duties which the persons named were already charged with performing. You further state that the method of operation of the said order would be as follows:

"In actual practice, the method of operation under the enclosed order would be that while the persons named are out of Austin on duties in connection with their main employment they would 'inspect' trucks, buses, terminals, rest rooms, records, and so forth for the purpose of seeing whether or not holders of certificates and permits under the motor bus law and motor carrier law of Texas and the rules promulgated in pursuance thereof are being observed, making written reports in connection with such inspection work to the Director of the Division."

Honorable James E. Kilday, Page 3

In our opinion of September 2, 1939, being opinion No. O-445, addressed to you, we stated that it is our opinion that the Commission may by its order designate employees to perform the duties usually performable by an inspector, in the ordinary signification of that word, and that such persons, while in the actual exercise of their official duties as such would be entitled to come under the exception stated in Article 4006 of Vernon's Annotated Civil Statutes, as amended by Senate Bill No. 259, Acts Regular Session, 46th Legislature, 1939. We further stated in said opinion that we do not think that the Commission merely by designating examiners, reporters, the Director, or others as inspectors and assigning to them duties usually performable by an inspector, could overcome the provisions of the anti-pass statutes. We also stated that the appointment and assignment must not be made as a subterfuge for the purpose of avoiding the anti-pass statutes, but must be made for the real purpose of having the appointee perform the duties of an inspector.

We believe that the order of the Railroad Commission properly confers additional duties upon the persons named in the order, and that the order does not violate the provisions of Article 16, Section 40, of the State Constitution, which provides in part that, "No person shall hold or exercise, at the same time, more than one Civil Office of emolument . . ." Assuming, without deciding, that the persons named in the order are holding civil offices of emolument, Article 16, Section 40, of the Constitution would not be violated by conferring additional duties upon these persons. The Railroad Commission does not confer additional pay or emolument upon these persons by naming them as inspectors. The duties conferred upon them as inspectors are not incompatible or inconsistent with the performance of their other duties. For these reasons, we believe that it is lawful for these persons to hold the position of inspectors as well as the positions which they held prior to the promulgation of the said order by the Railroad Commission. First Baptist Church v. City of Fort Worth, 26 S. W. (2d) 196; Jones v. Alexander, 122 Tex. 328, 59 S. W. (2d) 1080; Eucaline Medicine Co. v. Standard Investment Co., 25 S. W. (2d) 259; City of Houston v. Stewart, 99 Tex. 67, 87 S. W. 665. We do not believe that the Railroad Commission is limited, in the designation of persons to perform the duties of inspectors, to the number of persons named as inspectors in the departmental appropriation bill (Senate Bill No. 427, Acts Regular Session, 46th Legislature, 1939), although, of course, it cannot pay persons who do the work of inspectors except as provided in the appropriation bill.

Honorable James E. Kilday, Page 4

The only remaining question is a question of fact; i.e., whether the persons named in the order were named for the purpose of having them actually perform the duties of inspectors and whether they will actually perform these duties. If they actually perform the duties of inspectors, and if this is the real reason for their appointment, then they are entitled to claim the benefit of the exception in the anti-pass statute, Article 4006, Vernon's Annotated Civil Statutes, as amended. We presume from what you state in your letter that these persons were named by the Railroad Commission to fill a real need for additional inspectors, that the purpose of appointing them was to have them perform the work of inspectors in addition to their other work, and that they will actually perform the duties of inspectors. Under these assumed facts, it is our opinion that the persons so designated as inspectors will be entitled to claim the benefit of the exception in Article 4006, as amended, so long as they are performing the duties of inspectors.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
ASSISTANT

JPH:AMM

APPROVED OCT 2, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN